IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| "Clara" Sune Lee ) | |
| ) | Case No. 16-cv-3270 |
| Plaintiff, ) | |
| v. ) | Judge |
| ) | |
| Henes USA, Inc., Henes Co., Ltd. and Yang ) | |
| H. Nam, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, "Clara" Sune Lee ("Lee"), by and through her attorney, for her Complaint against Yang H. Nam, Henes USA, Inc. and Henes Co., Ltd. ("Defendants"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 10511 *et. seq.* ("IMWL") and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., for Defendants' failure to pay minimum and overtime wages to Plaintiff.

2. During the course of her employment by Defendants, Plaintiff was paid wages less than both the federal and State of Illinois mandated minimum wage. In addition, despite Plaintiff worked in excess of forty (40) hours per week, Plaintiff was not paid overtime wages. Also, Plaintiff was not paid all earned wages at the rate agreed to by the parties. Plaintiff further alleges that Defendants' failure to pay the regular and overtime wages is willful and intentional.

## THE PARTIES

3.  Plaintiff was at all times relevant hereto employee of Defendants.

4.  Plaintiff is at all times relevant hereto individual employed in the State of Illinois by Defendants.

5.  Plaintiff is at all times relevant hereto resided in the State of Illinois.

6.  Plaintiff is at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

7.  Plaintiff is filing this FLSA claim as an individual action for herself.

8.  For the period commencing on or about October 19, 2015, until February 12, 2016, Plaintiff Lee regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

9.  Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of her continued employment.

10. Throughout Plaintiff's employment, Defendants paid Plaintiff a fixed amount per week regardless of the number of hours she worked in a day or the number of hours she worked in a workweek.

11. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

12. Plaintiff regularly worked more than 40 hours per week while employed by Defendants.

13. Plaintiff performed manual labor for Defendants.

14. Plaintiff was assigned to the said manual labor by Defendants.

15. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

16. Plaintiff did not have to supply her own tools and equipment in connection with her work for Defendants.

17. Plaintiff was required to report to work for Defendants at a certain time.

18. Plaintiff could not set her own hours of work for Defendants.

19. Plaintiff was not compensated at the proper overtime rate for hours worked in excess of forty (40) hours per week.

20. Defendant, Yang H. Nam is and was at all relevant times hereto engaged in the business of selling of Toy Vehicle.

21. Defendant, Yang H. Nam is and was at all relevant times hereto engaged in the interstate commerce.

22. Defendant Yang H. Nam ("Nam") managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

23. Defendant Nam participated in and approved of the unlawful pay practices of the business Henes USA, Inc.at Prospect Heights, IL.

24. Defendant Nam was involved in assigning work to Plaintiff.

25. Defendant Nam had the power and authority to discipline Plaintiff.

26. Defendant Nam exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

27. Defendant Nam was in charge of paying employees.

28. Defendant Nam told Plaintiff where to work and when to work.

29. Defendant Nam managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

30. Defendant Nam participated in and approved of the unlawful pay practices of the corporate Defendant Henes USA, Inc.

31. Defendant Nam was involved in assigning work to Plaintiff.

32. Defendant Nam had the power and authority to discipline Plaintiff.

33. Defendant Nam exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

34. Defendants employed Plaintiff to do work for them in the State of Illinois.

35. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

36. Defendants provided the tools and equipment and materials for Plaintiff to do her job with Defendants.

37. Defendants held Plaintiff out as an employee.

38. At all times relevant hereto, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and damages alleged herein.

39. At all times relevant hereto, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

40. At all times relevant hereto, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

41. Defendants employed and paid Plaintiff as their employee.

42. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

43. Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

44. No exemption from overtime wages applied to Plaintiff's employment with Defendants.

45. Defendants never obtained legal advice or counsel that them overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

46. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

47. No exemption from overtime applies or applied to Plaintiff when she worked or works more than 40 hours in a workweek for Defendants.

48. Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours per workweek.

49. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

50. Defendant Henes USA, Inc. is an Illinois corporation doing business as a Retailer of Toy Vehicle and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

51. Defendant Henes Co., Ltd is a South Korea corporation doing business as a Manufacturer of Toy Vehicle, parent company of Henes USA, Inc. and is an enterprise as

5

defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

52.     Defendant Nam is a manager/director of Defendant Henes USA, Inc.

## JURISDICTION AND VENUE

53.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

54.     All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

55.     This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all hours worked.

56.     For Plaintiff Sune Lee, for the period commencing on or about October 19, 2015, until February 12, 2016, Plaintiff Sune Lee regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

57.     Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of her continued employment.

58. Defendants Henes USA, Inc. and Henes Co., Ltd are joint employers.

59. Throughout Plaintiff's employment, Defendants paid Plaintiff a fixed amount per week regardless of the number of hours she worked in a day or the number of hours she worked in a workweek.

60. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

61. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

62. During the course of their employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

63. Plaintiff was directed by Defendants to work and did so work in excess of forty (40) hours per week.

64. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay.

65. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

66. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

67. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorney's fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act - Minimum Wage

68.     Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

69.     The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

70.     At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

71.     During the applicable statute of limitations, Defendants have failed to pay Plaintiff the federally mandated minimum wage for some hours worked in February of 2015.

72.     Plaintiff did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

73. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

74. Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

75. Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT III
### Violation of the Illinois Minimum Wage Law - Minimum Wages

76. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

77. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

78. The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

79. At all relevant times herein, Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was "employee" within the meaning of that Act.

80. Pursuant to 820 ILCS 105/4, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

81. Defendants did not compensate Plaintiff minimum wages for some hours

worked in February of 2015.

82. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff minimum wages for all hours worked.

83. Pursuant to 820 ILCS 105112(a), Plaintiff is entitled to recover her unpaid wages, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law - Overtime Wages

84. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

85. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

86. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

87. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in

excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

88. Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

89. Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

90. Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours per week.

91. Pursuant to 820 ILCS 105/12*(a)*, Plaintiff was entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week

B. Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Illinois Wage Payment and Collection Act
### Failure to Pay Claims

92. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

93. The Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq., requires that "every employer shall be required, at least semimonthly, to pay every employee all wages earned during the semi-monthly pay period" and pay "final compensation" at the time of separation, if possible, or if not, by the next regularly scheduled payday for the employee.

94. During the applicable statute of limitations, by the course of conduct set forth above, Defendants have failed to pay Plaintiff all wages due in violation of the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq.

95. Because Defendants failed to properly pay wages due as required by law, Plaintiff is entitled under the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq. to recover all wages due, two percent interest per month on all wages due until fully paid, costs, and reasonable attorneys.

**WHEREFORE**, Plaintiff, on behalf of herself, prays for relief as follows:

    A. A declaration that Defendants are financially responsible for notifying the FLSA Collective of its alleged wage and hour violations;

    B. Judgment against Defendants for an amount equal to Plaintiff unpaid minimum wages and overtime wages at the applicable rates;

    C. A finding that Defendants' conduct was willful;

    D. An equal amount to the minimum wages and overtime wages as liquidated damages;

  E. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

  F. Pre-judgment and post-judgment interest, as provided by law;

  G. Leave to add additional Plaintiff by motion, the filing of written consent forms, or any other method approved by the Court; and

  H. Such further relief as the Court deems just and equitable.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: March 14, 2016

    /s/ Ryan Kim
    Ryan J. Kim

    INSEED LAW, P.C.
    2454 E Dempster St Suite 301
    Des Plaines, IL 60016
    Attorney for Plaintiff